UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAVIER DEJESUS, WILLIAM
DEJESUS, and PETER TORRES,

    Plaintiffs,

v.                                           Case No. 8:10-cv-462-T-30TBM

EMERALD COAST CONNECTIONS OF
ST. PETERSBURG, INC., DANIEL P.
SORONEN, and WILLIAM P. SORONEN,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for Summary Judgment (Dkt. 12) and Plaintiffs' Motion to Enlarge Time to Respond to Defendants' Motion for Summary Judgment (Dkt. 29). The Court, having reviewed the motions, and being otherwise advised in the premises, concludes that Defendants' Motion for Summary Judgment should be denied and Plaintiffs' Motion to Enlarge Time to Respond to Defendants' Motion for Summary Judgment should be granted because Defendants' Motion is premature.

## DISCUSSION

Plaintiffs brought this action pursuant to the Fair Labor Standards Act ("FLSA") alleging minimum wage violations. Defendants, in addition to filing an answer and raising several affirmative defenses, filed a motion for summary judgment on the issues of enterprise

coverage, individual coverage, whether the President of Defendant Emerald Coast Connections of St. Petersburg ("Emerald Coast") is a proper defendant, and whether Plaintiffs are exempt from the FLSA.

Plaintiffs argue in their motion for an extension of time that Defendants' motion for summary judgment should be denied as premature because the case is in its infancy, the Court's FLSA Scheduling Order stays all discovery until it is complied with, and many of the issues raised by Defendants are fact intensive and will require Plaintiffs to depose witnesses and conduct full discovery.

The Court agrees that Defendants' motion for summary judgment should be denied as premature. As stated in *Blumel v. Mylander*, 919 F.Supp. 423, 428 (M.D. Fla. 1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record." *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir.1988).

The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

Id. at 870 (internal citations omitted).

As Plaintiffs point out, the parties have not even completed the limited discovery set forth in the Court's FLSA Scheduling Order, which precludes them from conducting any other discovery until those requirements are met. Without engaging in discovery, Plaintiffs are unable to respond to the affidavits relied upon in support of Defendants' motion for summary judgment. Accordingly, Defendants' motion for summary judgment is premature and is denied without prejudice. After the parties have had the opportunity to engage in discovery, Defendants may reassert the arguments contained in their motion for summary judgment.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion for Summary Judgment (Dkt. 12) is hereby DENIED without prejudice as premature.

2. Plaintiffs' Motion to Enlarge Time to Respond to Defendants' Motion for Summary Judgment (Dkt. 29) is hereby GRANTED as set forth herein.

**DONE** and **ORDERED** in Tampa, Florida on May 4, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-462.msj.frm