**JAVIER DEJESUS, WILLIAM
DEJESUS, and PETER TORRES,**

      **Plaintiffs,**

**v.**                                **Case No.  8:10-cv-462-T-30TBM**

**EMERALD COAST CONNECTIONS OF
ST. PETERSBURG, INC., DANIEL P.
SORONEN, and WILLIAM P. SORONEN,**

      **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Vacate Order of Judge Moody Dated May 21, 2010 (Dkt. 44) and Defendants' Statement in support of same (Dkt. 45).  The Court, having reviewed the motion and Defendants' statement concludes that the motion should be denied.

On May 4, 2010, the Court entered an Order granting in part and denying in part Plaintiffs' motion to strike the filings of Defendant Emerald Coast Connections of St. Petersburg, Inc. ("Emerald Coast") based on the fact that Emerald Coast was not represented by licensed counsel  (Dkt. 32).  Specifically, the Order provided Emerald Coast 14 days to obtain licensed counsel as required by the Court's Local Rules.  On May 21, 2010, the Court entered an Order striking Emerald Coast's filings (Dkt. 38) because Emerald Coast failed to comply with the Court's May 4, 2010 Order.

Defendants now move to vacate the Court's May 21, 2010 Order, arguing that it was based on its May 4, 2010 Order, which was entered ex parte. By stating the May 4, 2010 Order was entered "ex parte," Defendants appear to be arguing that they were not provided an opportunity to respond to Plaintiffs' motion to strike. Defendants also state that, although they do not have the financial means to hire a Florida attorney to represent Emerald Coast, the Court can exercise its discretion under Local Rule 1.01(c) to "suspend application and enforcement of [the Local Rules], in whole or in part, in the interests of justice in individual cases by written order." Defendant William P. Soronen ("Soronen") argues that because he is an attorney admitted in the State of New York and a member in good standing of the Federal District Court for the Northern District of New York, the Court should allow him to represent Emerald Coast in the interest of justice, despite the fact that he is a Florida resident. Under the Local Rules, Soronen is precluded from representing Emerald Coast because he is not a member of the Florida Bar (Local Rule 2.01) and special admissions are limited to an "attorney who is not a resident of Florida" (Local Rule 2.02).

The Court concludes that it will not vacate its May 21, 2010 Order. The May 4, 2010 Order was not entered ex parte merely because it was entered before Defendants had an opportunity to respond. The Court's Order simply enforced the Local Rules and ordered Emerald Coast to comply with the Local Rules within 14 days. Emerald Coast failed to file anything with the Court indicating its compliance within this time period. To the contrary, Defendants now indicate that Emerald Coast cannot comply because Defendants cannot afford a Florida attorney. Soronen has also indicated in his filings that he has a brain disease

and that the stress of this litigation has caused him "headaches, double vision and mental confusion."  (Dkt. 40).

The Court also concludes that it would not be appropriate to suspend application of the Local Rules regarding attorney admission under the facts of this case.

It is therefore ORDERED AND ADJUDGED that:

1.    Defendants' Motion to Vacate Order of Judge Moody Dated May 21, 2010 (Dkt. 44) is hereby DENIED.

2.    Plaintiffs' Motion for Enlargement of Time to File a Response to Defendants' Motion to Vacate (Dkt. 52) is hereby DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida on June 10, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Even\2010\10-cv-462.mtvacate.frm