UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAVIER DEJESUS, WILLIAM
DEJESUS, and PETER TORRES,

    Plaintiffs,

v.                                            Case No. 8:10-cv-462-T-30TBM

EMERALD COAST CONNECTIONS OF
ST. PETERSBURG, INC., DANIEL P.
SORONEN, and WILLIAM P. SORONEN,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Dismiss or in the Alternative, to Strike Defendants' Counterclaims (Dkt. 37) and Defendants' Responses to same (Dkts. 46, 47). The Court, having reviewed the motion, responses, and being otherwise advised in the premises, concludes that Plaintiffs' motion should be granted in part and denied in part.

## DISCUSSION

Plaintiffs brought this action pursuant to the Fair Labor Standards Act ("FLSA") alleging minimum wage violations. In their amended answers, *pro se* Defendants William P. Soronen and Daniel P. Soronen assert two counterclaims and a setoff defense/counterclaim as follows: (1) compulsory counterclaim against Javier and William DeJesus for conversion; (2) setoff against Javier DeJesus for civil theft; and (3) counterclaim for

cybersquatting/piracy against William DeJesus. Among the allegations contained in the counterclaims and setoff, Defendants claim Plaintiffs converted Defendants' business records, Javier DeJesus committed civil theft against Defendants by obtaining a pizza oven on Defendants' credit, and William DeJesus converted Defendants' website domain name.

Plaintiffs move to dismiss or strike Defendants' counterclaims, arguing that the Court lacks subject matter jurisdiction to hear Defendants' counterclaims. Specifically, Plaintiffs argue that Defendants' claims are permissive and require their own jurisdictional basis. Plaintiffs also argue that the Court should use its discretion to refuse to hear Defendants' claims because the claims would overtake Plaintiffs' action, which is a simple FLSA action for unpaid wages. Finally, Plaintiffs move to dismiss Defendants' cybersquatting/piracy claim because it is unrelated to Plaintiffs' FLSA claim and it fails to state a claim upon which relief may be granted.

Defendants argue that their claims should remain in this action. Defendants contend that the claim against Plaintiffs for conversion of Defendants' business records is related to this action to the extent that Plaintiffs' theft of the records precludes Defendants from producing the records in this case as required by the Court's FLSA Order. Defendants argue that the claim against Javier DeJesus can remain in this case as a setoff. Finally, Defendants argue that the court has independent jurisdiction to hear their claim for cybersquatting/piracy, because the claim is pursuant to a federal statute.

If Defendants' counterclaims arise under state law, the Court has no independent federal jurisdiction to hear the claims. However, the Court can exercise supplemental

jurisdiction "over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy ...." 28 U.S.C. § 1367(a); *see also* Fed. R. Civ. P. 13(a); *Arcusa v. Lisa Coplan-Garder, P.A.,* 2007 WL 3521986, at *1 (M.D.Fla. Nov.15, 2007) (holding that in order to have supplemental jurisdiction over the state law claims, it must be shown that the state law claims presented are compulsory, rather than permissive).

The Court concludes that Defendants' first two claims are permissive, because they do not arise out of the same transaction or occurrence. The first two claims relate to Plaintiffs allegedly taking Defendants' business records and one Plaintiff's unlawful act of purchasing a pizza oven on Defendants' credit. These claims are unrelated to Plaintiffs' claims of minimum wage violations under the FLSA. The Court also does not have independent jurisdiction over these claims because they are purely state law claims. However, the Court concludes that these claims can remain in the case as defenses and/or setoffs.

Specifically, as to the first claim, Defendants can present a defense in this case that Plaintiffs unlawfully took their business and/or payroll records, because the maintenance and production of payroll records is highly relevant in a case under the FLSA. Importantly, this claim will be just a defense and cannot seek affirmative relief. In other words, to the extent that the issue of Defendants' lack of records is presented in the case, Defendants may present evidence that Plaintiffs' actions of allegedly taking the records precluded them from producing them in this case.

As to the second claim, Defendants can present their claim against Javier DeJesus for obtaining a pizza oven on Defendants' credit as a setoff. As set forth in *Mansfield v. Castaways Backwater Cafe, Inc.*, 2008 WL 2694062, *2 (M.D. Fla. 2008):

> This Court's conclusion that the counterclaims are permissive rather than compulsory *does not mean that they must be dismissed.* Courts have recognized that permissive counterclaims, with no independent basis for federal jurisdiction, can proceed forward when the counterclaim is seeking only a setoff. *See, e.g., Carhart v. Gulfstream Homes,* No. 2:08-cv-224-FtM-29SPC, 2008 WL 2415032, *4 (M.D.Fla. June 12, 2008); *Cole v. Supreme Cabinets, Inc.,* No. 3:06-cv-772-J-33TEM, 2007 WL 1696029, *4 (M.D.Fla. June 12, 2007); *Robinson v. Roofs, Structures & Mgmt., Inc.,* No. 8:07-cv-1518-T-24TBM, 2007 WL 4468695, *2 (M.D.Fla. Dec.18, 2007) (collecting cases). The counterclaim for setoff can only be used to reduce the plaintiff's recovery, and cannot seek affirmative relief. *See Cole,* 2007 WL 1696029, at *4. Therefore, the Court will deny Plaintiffs' Motion to Dismiss, and allow Defendants' counterclaim to go forward only as a setoff for the purpose of reducing any recovery Plaintiffs may obtain on their Complaint. The Court need not decide at this time the extent of the setoff which will be allowed if Defendants prevail on the counterclaim. *See, e .g., Singer v. City of Waco,* 324 F.3d 813, 828 n. 9 (5th Cir.2003) (citing *Brennan v. Heard,* 491 F.2d 1 (5th Cir.1974)) (noting that an offset should not result in an employee's wages falling below the statutory minimum wage).

(emphasis added). Similarly, Defendants can present their claim against Javier DeJesus as a setoff only to reduce any recovery he may receive as long as the offset does not result in his wages falling below the statutory minimum wage.

Lastly, the Court elects to exercise jurisdiction over Defendants' third claim of cybersquatting/piracy. This claim asserts an independent ground for jurisdiction (federal question). Thus, supplemental jurisdiction exists under 28 U.S.C. §1367(a). The Court also concludes that this claim states a claim upon which relief may be granted. Defendants allege sufficient facts demonstrating the elements of the claim as set forth in *Bavaro Palace, S.A. v. Vacation Tours, Inc.*, 203 Fed. Appx. 252, 256 (11th Cir. 2006), especially given

Defendants' *pro se* status, which mandates a less stringent reading. Plaintiffs' arguments in favor of dismissal are more appropriate for a motion for summary judgment.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion to Dismiss or in the Alternative, to Strike Defendants' Counterclaims (Dkt. 37) is hereby GRANTED in part and DENIED in part.

2. Defendants' first counterclaim against Plaintiffs Javier DeJesus and William DeJesus in conversion regarding their removal of boxes of records from the premises of Emerald Coast Connections of St. Petersburg, Inc. which included employee records and payroll records may remain in this case only as a defense to the extent that such a defense becomes relevant.

3. Defendants' claim for setoff against Plaintiff Javier DeJesus may remain in this case solely as a setoff as long as any offset does not result in Javier DeJesus's wages falling below the statutory minimum wage.

4. Defendants' second counterclaim for cybersquatting and piracy against Plaintiff William DeJesus shall remain in this case.

**DONE** and **ORDERED** in Tampa, Florida on June 17, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-462.mtdismisscc.frm