UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAVIER DEJESUS, WILLIAM
DEJESUS, and PETER TORRES,

    Plaintiffs,

v.                                     Case No. 8:10-cv-462-T-30TBM

EMERALD COAST CONNECTIONS OF
ST. PETERSBURG, INC., DANIEL P.
SORONEN, and WILLIAM P. SORONEN,

    Defendants.
_____/

## ORDER and NOTICE OF EVIDENTIARY HEARING

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Entry of Default Final Judgment against Defendant Emerald Coast Connections of Saint Petersburg, Inc. ("Emerald Coast") (Dkt. 65). The Court, having reviewed the motion, and being otherwise advised in the premises, concludes that an evidentiary hearing on damages is necessary.

This is an action for unpaid wages against Defendants. On May 21, 2010, the Court entered an Order (Dkt. #38) striking Defendant Emerald Coast's Answer (Dkt. #10), Motion for Summary Judgment (Dkt. #12), and Amended Answer (Dkt. #23), because Emerald Coast failed to comply with the Court's previous Order (Dkt. #32) requiring it to obtain licensed counsel. Subsequently, on June 29, 2010, Plaintiffs obtained a Clerk's Default against Emerald Coast (Dkt. #64).

Plaintiffs now move for an entry of default final judgment against Emerald Coast in the total amount of $37,152.28 for unpaid wages (Javier DeJesus - $12,246.14; Peter Torres - $12,660; and William DeJesus - $12,246.16).  In support of the amounts of unpaid wages, Plaintiffs solely relied on the allegations of their complaint, which are deemed admitted, and their answers to the Court's interrogatories, which did not attach any supporting payroll or time records or any other record reflecting the hours they worked.

On June 24, 2010, Defendant Daniel P. Soronen ("Soronen") filed affidavits regarding the hours worked and wages paid to Plaintiffs (Dkt. #58-60).  Soronen's affidavits attached time records which contradict Plaintiffs' interrogatory answers regarding the number of hours they worked and their claim that they were not paid any wages from approximately June 2009 through October 2009.  For example, the time records for Plaintiff Peter Torres reflect that he is owed approximately $7,108.65, which is less than the amount of $12,660.00 claimed in his interrogatory answer.

Soronen also claims that a review of his business records reflects that Javier DeJesus and William DeJesus were paid a salary during the period of time that they claim they received no wages.

Given these inconsistencies in the record before the Court, an evidentiary hearing is necessary on the issue of damages.  Notably, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are *not* admitted by virtue of default. Rather, the Court determines the amount and character of

damages to be awarded." *Miller v. Paradise of Port Richey, Inc.,* 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (emphasis added). Thus, even where a default judgment is warranted, the Court may first hold a hearing for the purposes of assessing damages. Fed.R.Civ.P. 55(b)(2); *see also SEC v. Smyth,* 420 F.3d 1225, 1231-32 (11th Cir. 2005) (noting that "[t]he Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment. The default is entered upon the defendant's failure to plead or otherwise defend, Fed.R.Civ.P. 55(a), but if an evidentiary hearing or other proceedings are necessary in order to determine what the judgment should provide, such as the amount of damages that the defaulting defendant must pay, those proceedings must be conducted before the judgment is entered").

It is therefore ORDERED AND ADJUDGED that:

1. The Court hereby reserves ruling on Plaintiffs' Motion for Entry of Default Final Judgment against Defendant Emerald Coast Connections of Saint Petersburg, Inc. ("Emerald Coast") (Dkt. 65).

2. An evidentiary hearing shall be held in Courtroom #13A, U. S. Sam Gibbons Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, on **MONDAY, AUGUST 30, 2010, AT 9:30 A.M.** for two (2) hours on the amount of Plaintiffs' damages claimed in their motion. Plaintiffs and Defendants should bring any documents they rely upon in support of the number of hours Plaintiffs worked and any documents regarding reimbursement to Plaintiffs for any hours worked during the relevant time period. Plaintiffs

should also be prepared to present evidence supporting any claim for attorneys' fees and costs.

**DONE** and **ORDERED** in Tampa, Florida on August 4, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-462.mtdefaultjudg-reserve.frm